UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs<br><br>JAMES PECK,<br><br>          Defendant. | CASE NO: SA CR 97-69-GLT<br><br>JUDGMENT REVOKING SUPERVISED RELEASE |

ENTERED
MAY 10 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY _____ DEPUTY

   WHEREAS, on April 25, 2002, came the attorney for the Government and the defendant appeared in person with appointed counsel, C. Thomas McDonald; the defendant was advised of his rights and the defendant admitted the allegations,

   WHEREAS, on April 25, 2002, the Court FOUND that the defendant violated the conditions of the supervised release imposed on December 8, 1997, (copy attached hereto)

   IT IS ADJUDGED, upon the findings of the Court, that supervised release is revoked.

   IT IS ORDERED that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with no additional term of supervision.

   The Court recommends that the defendant be housed in a facility in Southern California, to facilitate visitation with family and friends.

   IT IS FURTHER ORDERED that the Clerk deliver a certified copy of this judgment modifying or revoking conditions of supervised release to the U.S. Marshal and the U.S. Probation Office and this copy shall serve as the commitment of the defendant.

DATE: April 29, 2002

_____
GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE

FILED:
SHERRI R. CARTER, CLERK

by _Lisa Bredahl_
   Deputy Clerk

ENTER ON ICMS
MAY 10 2002
5-10-2002

United States District Court
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. SACR97-69-1-GLT |
| Defendant   JAMES PECK | Social Security No. 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 |
| & Residence  341 Monterey Way, #B | Mailing Address: same as residence |
| Address     Placentia, CA 92870 | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on this date: _December 8, 1997_

Month / Day / Year

COUNSEL:   **XX** WITH COUNSEL _Thomas McDonald, appointed_
(Name of Counsel)

PLEA:      **XX** GUILTY, and the Court being satisfied that there is a factual basis for the plea. _____ NOLO CONTENDERE _____ NOT GUILTY

FINDING: There being a finding of GUILTY, defendant has been convicted as charged of the offense(s) of: Mail Fraud, in violation of 18 USC 1341, as charged in Count 1 of the Information and Wire Fraud, in violation of 18 USC 1343, as charged in Count 2 of the Information.

**JUDGMENT AND PROBATION/COMMITMENT ORDER:**
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to 18 USC 2327, it is ordered that the defendant shall make restitution in the total amount of $48,909.00 to the persons and in the amounts as set forth in the attached schedule.

Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the full amount ordered. During the period of incarceration the defendant shall make quarterly restitution payments of at least $25.00. During the period of supervised release, the defendant shall make quarterly restitution payments of $2,000.00.
Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed on Counts 1 and 2 of the Information to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and one day. This term consists of 12 months and one day on each of Counts 1 and 2 of the Information to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1 and 2 of the Information, such terms to run concurrently under the following terms and conditions: 1) The defendant shall comply with the rules and regulations of the Probation Office and General Order 318; 2) Upon the start of community supervision, the defendant shall make quarterly restitution payments in the amount of at least $2,000.00 during the period of supervision. If the defendant is unable to make the scheduled restitution payments, he shall provide the Probation Officer with an accounting of his income and expenditures which shall be substantiated by receipts; 3) The defendant shall participate in outpatient substance abuse treatment and submit to drug or alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol and abusing prescription medications during the period of supervision; 4) If the amount of any mandatory assessment imposed by this judgment remains unpaid at the commencement of the term of community supervision, the defendant shall pay

United States District Court
Central District of California

UNITED STATES OF AMERICA                    Docket No. SACR97-69-1-GLT
              vs

Defendant JAMES PECK                        DATE: December 8, 1997

## JUDGMENT AND PROBATION/COMMITMENT ORDER

**continued from page 1**
such remainder as directed by the Probation Officer; 5) The defendant shall notify the Court of any material change in defendant's economic circumstances that might affect the defendant's ability to pay restitution or special assessments; 6) The defendant shall not be employed as a telemarketer or in any way be associated with a telemarketing enterprise.

Pursuant to Sec. 5E1.2(f), of the Guidelines, all fines are waived, including the costs of imprisonment and supervision as it is found that defendant does not have the ability to pay.

It is further ordered that the defendant shall pay to the United States a special assessment of $200.00.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon on January 22, 1998. In the absence of such designation, the defendant shall report on or before 12 noon on January 22, 1998 to the United States Marshal located at 751 West Santa Ana Boulevard, Santa Ana, CA 92701 or 312 North Spring Street, Los Angeles, California. Bond is ordered exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: District Judge Gary L. Taylor                     Dated: 12-11-97

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed  12-11-97
             Month / Day / Year

By K.G. Peterson, Deputy Clerk

page 2 of 7 pages

| Victim/Address | Amount |
|---|---|
| Marion Ambo<br>2333 Kapiolani Blvd.<br>Honolulu, Hawaii 96026 | $1,200 |
| Delores Anderson<br>584 Arlington Ave.<br>Elmhurst, IL 60126 | $600 |
| Lillian Azeltine<br>1555 Jonquil Ave.<br>Latimer, IA 50452 | $2,600 |
| Roscoe Balcom<br>404 E. Kern St.<br>Springfield, MO | $300 |
| Beatrice Bauer<br>217 County Rd., 131<br>Callicoon, NY 12723 | $300 |
| Mildred Beggs<br>440 E. 5th St.<br>Red Wing, MN 55066 | $299 |
| Florence Bentley<br>111 S. Central Ave.<br>Shelbina, MQ 63468 | $1,860 |
| Helen Bowles<br>119 N. Loomis Ave.<br>Fort Collins, CO 80521 | $300 |
| George Bransom<br>Rt. 1, Box 200<br>Burleson, TX 76028 | $1,250 |
| Estella Brown<br>4402 Lambert Rd.<br>Louisiville, KY 40213 | $600 |
| Clifford Craven<br>14465 Montcalm Ave.<br>Freeport, MI 49325 | $400 |
| Claude DeFraine<br>167 Central St.<br>Manville, RI 02838 | $1,200 |
| Catherine Deshazo<br>Rt. 2, Box 449<br>Tappahannock, VA 22560 | $450 |

| | |
|---|---|
| Florence Durney<br>2640 Winner Rd.<br>Sharpsville, PA  16150 | $1,800 |
| Howard Facio<br>10210 Oleander Dr.<br>Port Richey, FL  34668 | $800 |
| Beatrice Fraley<br>RR1, Box 1213<br>Alton, MO  65606 | $400 |
| Kathryn Hurt<br>800 Southerly Rd. 1801<br>Towson, MD  21286 | $800 |
| Dorothy Johnson<br>665 E. Morgan St.<br>Spence, IN  47460 | $4,100 |
| Edward Kennedy<br>319 Lytle St.<br>Harbor Beach, MI  48441 | $600 |
| Ruby Kennel<br>1309 Carol Dr.<br>Roanoke, VA  61561 | $400 |
| Ann Kindsvatter<br>633 E. Main<br>Moorestown, NJ  08057 | $600 |
| Jeanne Kiovsky<br>9222 Garrison Dr. 203B<br>Indianapolis, IN  46240 | $800 |
| Glenn Koger<br>298 Jarvis Ave.<br>Holyoke, MA  01040 | $1,200 |
| Karl Kohl<br>2940 Kohl Dr.<br>Dayton, OH  45432 | $300 |
| Agnes Konvicka<br>506 Acres Lane<br>Sealy, TX  77474 | $2,800 |
| Thelma Kouzes<br>1524 Barkley Dr.<br>Fairfax, VA  22031 | $600 |

| | |
|---|---|
| Thelma Larue<br>RR1, Box 130<br>McLeanboro, IL  62859 | $4,200 |
| Marie Logan<br>182 Furlong St.<br>Rochester, NY  14621 | $400 |
| Dorothy Lowry<br>4906 W. Soon<br>Warsaw, IN  46580 | $300 |
| Cora Maurer<br>167 Sherman Ave.<br>Lexington, KY | $800 |
| Ora Meacham<br>432 W. 750 N<br>Logan, UT  84321 | $800 |
| Helen Morrow<br>970 Westphal Ave.<br>Columbus, OH  43227 | $800 |
| Mable Nelson<br>73511 - 16th Ave.<br>South Haven, MI  49090 | $300 |
| Helen Nugent<br>2180 King Ave.<br>Hermatige, PA  16148 | $1,200 |
| Urho Nummela<br>N5230 Benson Rd.<br>Eben Junction, MI  49825 | $1,200 |
| Ellen Price<br>142 Childs Place<br>Ogden, UT  84464 | $150 |
| Elyse Rinkenberger<br>189 Barberry Rd.<br>Highland Park, IL | $2,800 |
| Marjorie Seyfert<br>813 Champa<br>Pratt, KS  67124 | $1,800 |
| Magella Shafer<br>9 Barn Rd.<br>Pollock, ID  83547 | $1,300 |

| | |
|---|---|
| Margaret Sieber<br>2419 Ferguson<br>Cincinnati, OH  45235 | $600 |
| Gloria Smith<br>6706 - 14th Place<br>Washington, DC  20012-2806 | $400 |
| Aaron Soong, Jr.<br>750 Hawaii St.<br>Honolulu, HI  96817 | $1,000 |
| Esther Stark<br>200 S. Monroe St. #21<br>Albion, MI  49224 | $300 |
| Florence Survey<br>2640 Winner Rd.<br>Sharpsville, PA  16150 | $1,800 |
| Clarence Tonneson<br>1011 W. 8th, #13<br>Mitchele, SD  57301 | $600 |
| Viola Wright<br>2040 W. Baja Ave.<br>La Habra, CA | $1,600 |
| <u>Total Restitution Amount</u>: | $48,909 |

**DEFENDANT:** JAMES PECK
**CASE NO:** SA CR 97-69-GLT

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __13__

Criminal History Category: __I__

Imprisonment Range: __12__ to __18__ months.

Supervised Release Range: __2__ to __3__ years.

Fine Range: $ __3,000__ to $ __30,000__

☒ Fine is waived or is below the guideline range, because of inability to pay.

Total Amount of Restitution: $ __48,909__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):